[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12411
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23689-PCH

GEORGE L DE LA FLOR,
SUSANNE DE LA FLOR,
his wife, individually, and as the
natural parents and guardian,
T.A.DLF.,
a minor,
A.G.L.DLF,
a minor,

Plaintiffs-Appellants,

versus

THE RITZ-CARLTON HOTEL COMPANY, L.L.C.,
MARRIOTT INTERNATIONAL, INC.,

Defendants-Appellees,

THE RITZ-CARLTON MANAGEMENT COMPANY, L.L.C., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 20, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

George De La Flor and his family appeal the dismissal with prejudice of their amended complaint against The Ritz-Carlton Hotel Company, L.L.C., and Marriott International, Inc. (collectively "Ritz-Carlton"). De La Flor suffered cardiopulmonary arrest while he was exercising in the fitness facility at the Ritz-Carlton Hotel located on South Beach in Miami, Florida. De La Flor complained that Ritz-Carlton negligently failed to have an automated external defibrillator in its fitness facility in South Beach and that Ritz-Carlton breached its contract by failing to fulfill promises made in its marketing materials to provide a "state of the art" fitness facility. The district court dismissed De La Flor's complaint for failure to state a claim for relief. See Fed. R. Civ. P. 12(b)(6). We affirm.

The district court did not err by dismissing De La Flor's claim that Ritz-Carlton was negligent in failing to place a defibrillator in the fitness facility. Under Florida law, which the parties agree applies, if a person voluntarily undertakes to perform a duty that results in an injury to another, the person is liable if "his failure to exercise [reasonable care] increase[d] the risk of such harm" or "the harm [was] suffered because of the other's reliance upon the undertaking." L.A. Fitness Int'l, LLC v. Mayer, 980 So. 2d 550, 560 (Fla. Dist. Ct. App. 2008). De La Flor argues that Ritz-Carlton "undertook the duty to provide" a defibrillator

2

by having one on the premises, but Ritz-Carlton was not required to have a second defibrillator, see id. at 559.  De La Flor also argues that Ritz-Carlton assumed a duty to provide a defibrillator by recommending in its internal operating procedures that hotels adopt the industry standard of placing the machine in fitness rooms, but the adoption of industry standards by Ritz-Carlton did not create "an independent legal duty" with which it had to comply, see id. at 558.

De La Flor failed to state a claim that Ritz-Carlton breached its contract by failing to provide a defibrillator, oxygen, and aspirin in the fitness room.  De La Flor alleged that he relied on representations made by Ritz-Carlton in its marketing materials that the fitness facility in South Beach was "state of the art," but those representations did not constitute an offer for De La Flor to accept.  See Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009) (stating that an offer and acceptance are two of the four elements required to prove the existence of a contract).  Moreover, those advertisements did not contain any representations about medical equipment, the presence of a defibrillator, or medication in the fitness facility.

We **AFFIRM** the dismissal of De La Flor's complaint.